UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BETTY PETTIT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.   1:04-cv-1464-JDT-TAB |
| | ) | |
| CITY OF COLUMBUS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER ON DEFENDANTS' MOTION TO QUASH

**I.      Introduction.**

This matter is before the Court on Defendants' motion to quash subpoenas duces tecum relating to depositions scheduled for September 16 and 20, 2005.  [Docket No. 35].  Defendants seek to quash subpoenas duces tecum that command Defendant Lieutenant Brad Latimer and officers Jim Paris and John Luttrell to bring and wear the uniforms and all equipment worn at the time of the October 21, 2003 police action shooting giving rise to this case.  Defendants assert that wearing the uniforms and gear during the deposition is unduly burdensome because it serves no reasonable purpose.  [Docket No. 35, ¶¶ 8, 9].  Plaintiff contends that requiring officers to appear for deposition in full uniform and gear is necessary for ease of examination regarding their appearance on October 21, 2003, to facilitate questioning that may lead to the discovery of admissible evidence and to avoid surprise at trial should the officers choose to don their uniforms and gear.  [Docket No. 36, ¶ 3].

For the reasons set forth below, the Defendants' motion is GRANTED in part and DENIED in part.

**II.     Discussion.**

A court shall modify or quash a subpoena duces tecum pursuant to Fed. R. Civ. P. 45(c)(3)(A) where the moving party shows that it subjects that party to an undue burden. CSC Holdings Inc. v. Redisi, 309 F.3d 988, 993 (7th Cir. 2002). See also Jones v. Hirschfield, 219 F.R.D. 71, 74-75 (S.D.N.Y. 2003) ("The burden of persuasion in a motion to quash a subpoena... is borne by the movant.") Defendants contend that Plaintiff's subpoena unduly burdens the officers because wearing these uniforms and gear serves no reasonable purpose other than to "harass the officers as witnesses and interfere with their ability to provide unfettered answers to deposition questions." [Docket No. 35, ¶ 10]. Defendants further state that the officers are "not required to stage a reenactment of the incident at the direction of plaintiff's counsel in a video deposition." [Docket No. 35, ¶ 9].

In response, Plaintiff argues that she is entitled to such discovery pursuant to Rule 26. [Docket No. 36, ¶ 2]. In doing so, Plaintiff overlooks a significant limitation on the breadth of Rule 26. As the Seventh Circuit has counseled, "pretrial discovery is a fishing expedition and one can't know what one has caught until one fishes. But Fed. R. Civ. P. 45(c) allows the fish to object, and when they do so the fisherman has to come up with more than the [non-movant] has been able to do in this case." Northwestern Memorial Hospital v. Ashcroft, 362 F.3d 923, 931 (7th Cir. 2004) (subpoena for records unduly burdensome where requesting party could not articulate a proper use).

Plaintiff's concerns in support of her efforts to compel uniformed and fully geared officers at deposition are sufficiently ameliorated by the production for inspection of the uniforms and gear. None of the rules cited by Plaintiff empowers her to dictate these officers'

attire during deposition.  Conversely, Defendants have properly invoked the protections provided by Rule 45 to challenge this subpoena.  Given Defendants' articulated concerns and the seemingly unnecessary burden of wearing the uniforms and gear for many hours during a deposition, Defendants have met their showing with respect to compelled attire.  However, Defendants have not met their burden with respect to simply producing the uniforms and gear.  Thus, the Court hereby modifies the subpoena to require only the production of the officers' uniforms and equipment similar to that worn the night of the October 2003 shooting.

**III.    Conclusion.**

Plaintiff's efforts to compel officers Latimer, Paris and Luttrell to don their uniforms and equipment during their depositions is an undue burden as construed by Fed. R. Civ. P. 45(c)(3)(A)(iv).  Therefore, Defendants' motion to quash is GRANTED to the extent that the subpoena requires the officers to wear the uniforms and gear to the depositions.  However, the Defendants' motion to quash is DENIED to the extent the subpoena duces tecum requires only that the Defendants produce the officers' uniforms and equipment.

Date: 09/09/2005

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Mark A. Holloway
STEPHENSON DALY MOROW HORN & SEMLER
mholloway@stephlaw.com

James S. Stephenson
STEPHENSON DALY MOROW & SEMLER
jstephenson@stephlaw.com

Stephen M. Wagner
WAGNER REESE & CROSSEN LLP
swagner@injuryattorneys.com